SAMUEL CABOT *vs.* FRANK SHAW & others.

Suffolk.     January 8, 1889. — February 26, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bill of Lading — Agent — Contract — Liability of Agent.*

A bill of lading purporting to be the contract of a ship-owner, a foreign corporation, and signed by its agents here in their own name with the addition of "Agts.," is the contract of the corporation, and such agents are not liable personally, in case of loss, for money paid for freight.

An agent who, in good faith and before any demand for its repayment, has paid over to his principal money received for him from a third party, is not liable to repay the same, although the party paying has a right to recall it; and the fact that no settlement has been made of an open running account between the principal and the agent is immaterial.

CONTRACT to recover money paid for freight. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on an agreed statement of facts, which, so far as material, appears in the opinion.

*C. Almy,* for the plaintiff.

*J. D. Ball,* for the defendants.

MORTON, C. J.     The plaintiff shipped goods at Boston, by the steamship Missouri, to Liverpool, and prepaid the freight.

The steamship was owned by a corporation established by the laws of Great Britain, and the defendants, being copartners doing business in Boston under the name of Warren & Co., are the agents of the corporation in Boston. The steamship was lost before reaching Liverpool, and the goods were never delivered. This action is brought to recover back the money paid for freight.

There is no question that the bill of lading * under which the freight was paid was the contract of the owners, and not of the agents. It purports to be the contract of the owners of the ship, and is signed by " Warren & Co., Agts." The case of *Goodenough* v. *Thayer*, 132 Mass. 152, is decisive upon this point.

It follows that, in the absence of proof of any contract binding the agents personally, they cannot be held in this action unless the facts are such that they can be held liable for money had and received to the plaintiff's use. The liability of an agent, who has acted in good faith, to repay money paid to him for his principal, arises only when the party paying it proves that he has the right to recall it, and that he has notified the agent and made a demand on him before the money was paid over to the principal. After such demand, if the money is still held by the agent, and no change has taken place in his situation, the law regards it as held for the use of the party entitled to it, who may maintain an action for it. *Garland* v. *Salem Bank*, 9 Mass. 408. *Jefts* v. *York*, 10 Cush. 392, and 12 Cush. 196. *Quimby* v. *Carr*, 7 Allen, 417.

---

* A copy of the bill of lading, dated at Boston, February 16, 1886, annexed to the agreed statement of facts, recited that the goods were "shipped in apparent good order and condition by Samuel Cabot, by the steamship called the Missouri, . . . now lying in the port of Boston, and bound for Liverpool," by which certain perils were excepted, whether arising from the negligence of the master or others of the crew, or otherwise, with the added statement, that " ship-owner not liable for loss or damage occasioned by breakage of shaft, or any latent defect in hull, machinery, or appurtenances." It also contained various other provisions in relation to the rights, liabilities, and duties of the ship-owner, and concluded as follows: " In witness whereof the master or agent of the said ship hath affirmed to three bills of lading, all of this tenor and date, the one of which being accomplished, the others to stand void. Warren & Co., Agts."

In the case before us, it is agreed that " before February 16, 1886, when said money was paid by the plaintiff, and between that date and the time when the plaintiff demanded of the defendants the return of the same, on March 27, 1886, the defendants received other moneys on account of the said company, and before said demand on March 27, 1886, paid out for and on account of said company more than all the moneys which they received on account of said company, including the money received from the plaintiff; and at the time when the return of the money was demanded by the plaintiff, the said company was largely indebted to the defendants on account of the moneys so paid out by the defendants. All the moneys so received or paid out were entered on the account of the defendants with said company on their books, and between said February 16 and said March 27, and up to the date of the writ, there was no settlement of said account, and no money was paid by the defendants to said company."

The defendants had an open running account with their principal. In making payments on behalf of the principal, they had the right to rely upon all moneys which they received for the principal. They made the payments upon the faith of such credits. Such payments on account of and to the use of the principal are the same, in legal effect, as if made directly to the principal.

It thus appears that, before the demand was made upon them by the plaintiff, the defendants had paid over to their principal the money paid them by the plaintiff. The fact that the account has not been settled is immaterial. The test of liability is whether the agents have, in good faith, paid over the money received by them. It appears in this case that they have, and if the plaintiff can recover, the situation of the defendants will be injuriously affected, because the amount which the company owes them would be increased by the amount of the recovery. It follows that, if it be conceded that the plaintiff may recover back the prepaid freight of the principal, he cannot maintain this action against the agents.

*Judgment for the defendants.*