EDWARD R. GILMAN *vs.* ISAAC H. CARY & others.

Hampden.    December 4, 1907. — April 3, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract,* Performance and breach, Consideration. *Release. Compromise. Attorney at Law.*

If in settlement of a pending action a defendant agrees to pay a certain sum of money and costs, and, owing to a mistake as to the costs, tenders an insufficient amount, and if, before the time expires within which a tender of the correct amount can be made, the plaintiff in the action withdraws his offer to accept the sum in settlement, the unqualified refusal to accept excuses the defendant in the action from making a useless tender in accordance with the terms of the agreement, and, if the agreement is binding, he has not lost his right to enforce it.

An agreement, not under seal, by a creditor to accept from his debtor a part of an undisputed debt in payment and satisfaction of the whole is not binding for want of a consideration.

Whether an attorney at law under a general employment has authority to compromise the case of his client, referred to as an open question.

BILL IN EQUITY, filed in the Superior Court on February 28, 1907, by a stockholder and creditor of the Davis Electric Manufacturing Company, against that corporation, Isaac H. Cary and other individual defendants, praying that the defendant Cary might be enjoined from proceeding further with a pending action against the defendant corporation; that on the payment to him of the sum of $252.23 the defendant Cary should be ordered to release to the defendant corporation his claim against it and the judgment thereon; and for further relief; also that the defendant Cary might be enjoined from assigning or transferring his judgment against the defendant corporation or taking any action to collect it by levying execution or by bringing an action on his bond to dissolve the attachment therein or otherwise until the further order of the court.

In the Superior Court the case was heard by *Fessenden,* J., who made certain findings of fact the substance of which is stated in the opinion. He made a decree dismissing the bill with costs to the defendant Cary; and the plaintiff appealed.

The case was submitted on briefs.

*C. H. Beckwith & C. G. Gardner*, for the plaintiff.

*J. B. Carroll & C. E. Bell*, for the defendant.

BRALEY, J.　The company being indebted to the defendant, Cary, upon a promissory note, on February 6, 1906, he brought an action, and attached its property, and shortly after, the attachment was dissolved by a bond on which the plaintiff became one of the sureties.　But before dissolution, the counsel for the company, who in making the offer acted only for the present plaintiff, had informed the attorney for Cary, that as the corporation was insolvent, the attachment would not be allowed to ripen into a lien in bankruptcy, and inquired upon what basis a compromise could be effected.　To this inquiry, the attorney, who inferred that the proposition came from the company, offered to accept a smaller sum, with costs, in settlement.　This offer, however, having been refused, it was not until June 6, 1906, the day before the attachment would become a lien in bankruptcy, that negotiations were renewed, and Gilman then agreed to pay the amount including costs.　A mistake having been made by counsel for Gilman as to the costs, a check for the entire sum to be paid in settlement was not delivered before the offer for some undisclosed reason was withdrawn.　The case has since been tried, with a finding for the plaintiff, upon which judgment has been entered, the costs taxed, and execution issued.　The bill asks for equitable relief, because upon acceptance the agreement became binding, and should be enforced by a decree for specific performance.　It is contended by the defendants, that the tender was insufficient.　But the plaintiff had the entire day of June 7 in which to avail himself of the offer.　If because of the mistake as to costs the check was insufficient, yet by the withdrawal of the offer, before the time had expired in which a further tender could have been made legally, the plaintiff was not called upon to present another check for the right amount, which counsel for Cary had said he would not receive.　Under the circumstances the unqualified refusal to accept, before a legal tender had been made, furnished a sufficient excuse for a failure again to tender a check according to the terms of the agreement. *Tasker* v. *Bartlett*, 5 Cush. 359, 363.　*Williams* v. *Patrick*, 177 Mass. 160, 162.

But, if the tender is treated as sufficient, unless the com-

promise is supported by an independent consideration, the suit cannot be maintained. It is immaterial in the decision of this question whether the original claim is treated as having been merged in the judgment, or as still outstanding. In either view the debt was certain and undisputed, as neither the corporation nor the surety questioned its liability for either the face of the note or the amount of the judgment. The case then falls within the settled rule which obtains in this jurisdiction, that an agreement by the creditor to accept from his debtor a part of an undisputed debt, liability or claim in payment or satisfaction of the whole, is invalid for want of consideration unless effected by an instrument under seal. *Specialty Glass Co.* v. *Daley,* 172 Mass. 460, 461, and cases cited.

No binding settlement having been shown, there is no occasion to consider whether an attorney at law without special authority can compromise his client's case under a general retainer. See *Brewer* v. *Casey,* 196 Mass. 384.

*Decree affirmed.*