*Municipal Court of the City of Boston*

No. 379894

**PETER LAZARRO**

**v.**

**BLANCHARD & CO., INC.**

(January 6 — April 5, 1956)

*Fox, J.* Action of contract or tort to recover for injuries alleged to have been caused by a defective door check on the premises of the defendant. The case was heard by (*Adlow, C. J.*).

There was evidence that on November 2, 1955, the plaintiff, Peter Lazarro, while returning an empty beer case to the defendant, a bottle goods dealer, and while in the act of opening a door leading from the street to the premises where the defendant conducted its business, was injured by the slamming back of the door which the plaintiff attempted to open. It was alleged by the plaintiff that the door as it came back suddenly struck his left hand, thereby injuring him. While the plaintiff made no mention of the

event to any representatives of the defendant on the date of its occurrence, he did go there the next day and report it to the manager.

There was evidence that the door in question was operated by a device known as a Yale door check, which sets above the door and is connected with it; that this door check operates in such a way as to return the door when opened to a closed position; that this particular door check had been installed several years before, had not been adjusted or repaired before the accident or since the accident, and that it was functioning in the normal manner that day. An agent of the defendant testified that under the control of the door check the door opened and closed very slowly; that when the door got to a point about six inches before closing, it stopped altogether, then started in again.

An expert called by the plaintiff testified that if the door check was functioning properly it would close slowly, but if it lacked the proper quantity of fluid, it would close quickly or slam. There was further evidence from an investigator for an insurance company that shortly after the accident he examined the door in question and found it working normally and closing slowly.

At the close of the evidence the plaintiff filed many requests for rulings. In effect the court ruled as requested by the plaintiff that there was sufficient evidence to warrant a finding for the plaintiff. The court refused to rule as requested by the plaintiff that the doctrine of *res ipsa loquitur* applies in this case. Other requests denied by the court have been rendered immaterial by reason of the court's findings of fact. These facts are as follows:

1. The door check was not out of order;

2. The plaintiff's injuries were not the consequence of a defective door check; and

3. The plaintiff's injuries were not due to anything connected with the door check.

The court properly ruled that the evidence was sufficient to warrant a finding for the plaintiff. This does not mean that the court had to find for the plaintiff. In the conflicting state of the evidence the court could choose that version of the event which appeared more probable and more plausible. Apparently the court was more impressed by the version of the defendant and concluded that the door check was not defective at the time of the accident.

The express findings of fact made by the court to the effect that the door check was not out of order make unnecessary a consideration of the question whether the doctrine of *res ipsa loquitur* applies to the situation. In view of the finding that the door check was not out of order, we are not concerned with any question of negligence in maintaining the premises of the defendant. *Molarelli v. Hayes-Bickford Lunch System,* 320 Mass. 763, 764.

It is clear that the plaintiff's failure to recover is because the court did not believe his version of the facts. If he is aggrieved it is not because of any rulings of law, but because the court has failed to find the basic facts on which legal liability can be predicated.

*Report dismissed.*

Maurice H. Kramer, for the plaintiff.

Philander S. Ratzkoff, for the defendant.