*Southern Division*

**MICHAEL PILLA**

v.

**MICHAEL F. ALMEIDA**

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton. No. 17963.

*Cox, J.* In this action of tort for property damage arising out of a collision of motor vehicles on Alger Street in the City of Brockton, on or about October 2, 1955, the defendant was defaulted for failure to answer.

On June 2, 1959, the plaintiff filed a motion to assess damages and the defendant was given notice by registered mail that the motion would be heard on June 12, 1959 at 9:00 A.M. The defendant did not appear. At the hearing, at which the plaintiff was represented, the judge observed that the statute of limitations (G. L. c. 260, §4) had barred the claim and refused to hear the motion. On the same day, the judge caused the following docket entry to be made; "Hearing, plaintiff's motion for assessment of damages denied; Finding for Defendant, Kupka, J. Notices mailed."

Thereafter, in due course, the plaintiff filed a request for a report of the ruling denying his motion to assess damages and a draft report which, after a hearing, the judge allowed on July 3, 1959.

After the report and an attested copy of the docket entries had been forwarded to the presiding justice of the Appellate Division,

the plaintiff moved for an extension of the time required by Rule 31 for filing additional copies of the report as allowed and a brief. The Appellate Division granted the plaintiff an extension of time to August 26, 1959.

The case was placed on the October 28, 1959 list of the Appellate Division at a sitting at Fourth District Court of Bristol in Attleboro and notice was given the plaintiff.

The plaintiff has not filed the extra copies of the report as allowed nor a brief and failed to appear before the Appellate Division when the case was called on October 28, 1959. G. L. c. 231, §108 provides that "If the party claiming the report shall not duly prosecute the same, by preparing the necessary papers or otherwise, the Appellate Division may order the cause to proceed as though no such claim had been made, and may in like manner impose costs." Rule 32 is to the same effect. There is a provision in Rule 31 that "If any party be absent or not ready for argument when reached, said Division may dispose of the case as justice may require." Failure, amounting to complete indifference, on the plaintiff's part to strictly comply with the statutes and rules regulating Appellate practice and procedure requires dismissal of the report which he requested, without consideration of the merits. *Famigletti v. Neviackas,* 324 Mass. 70, 72.

Accordingly, without consideration of the merits, an order should be entered dismissing the report because the plaintiff has neglected to file the extra copies of the report as allowed

within the time as extended, has neglected to file a brief, and failed to appear when the case was called for argument on October 28, 1959.

. . . . . . . . . . . . of . . . . . . . . . . . ., for the Plaintiff.

. . . . . . . . . . . . of . . . . . . . . . . . ., for the Defendant.