No. 5493

JOHN HAVEY
v.
RICHARD ERICSON
AND
TOWN AND COUNTRY HOMES, INC.

(June 9, 1961)

*Present:* Brooks, P. J., Eno & Northrup ,JJ.

Case tried to *Spring, J.,* in the First District Court of Eastern Middlesex. No. 193 of 1955.

*Northrup, J.* This is an action of contract in which the plaintiff seeks to recover a deposit of $500 made by him under a real estate purchase and sales agreement. The action is brought against one Richard Ericson, the owner of the property and Town and Country Homes Inc., the real estate broker in the transaction. The plaintiff's declaration reads as follows:

> "And the Plaintiff says that the Defendant Ericson entered into a written agreement with him, a copy of which is attached, to purchase a house owned by the Defendant Ericson at 76 Payson Boulevard, Wakefield, that a deposit of Five Hundred Dollars was given to the Defendant, Town & Country Homes, Inc., Agents for the Defendant Ericson, that the Plaintiff notified the Defendant Ericson on November 4, 1954, that he would be ready and willing to perform the agreement on his part, but the Defendant Ericson did not complete the said sale. The Plaintiff has demanded the return of his down payment from the Town & Country Homes, Inc., but has been refused."

The defendant Richard Ericson was defaulted for failure to appear and answer. The

defendant Town & Country Homes, Inc. appeared and filed an answer consisting of a general denial and allegations of payment and failure of the plaintiff to observe the conditions of the purchase and sales agreement. The trial on the merits involved only Town & Country Homes, Inc. who will hereinafter be referred to as "the defendant."

*At the trial there was evidence tending to show that* said Ericson on and for some time prior to August 30, 1954 was the owner of a house at 76 Payson Blvd., Wakefield which he had listed with the defendant for sale. As a result of the efforts of the defendant, who acted as broker and agent of Ericson, the plaintiff entered into a written agreement with said Ericson for the purchase of the propeprty for the sum of $10,500 and the plaintiff paid the defendant as such agent the $500 on account of the purchase price, the balance according to the agreement was to be paid in cash or by certified check on Nov. 5, 1954, the date provided for the passing of papers. The agreement was in usual form and contained the following provision:

> "If the Seller shall be unable to give title or to make conveyance as above stipulated because of defects not caused by him, and unknown to him at the time of the execution of this agreement, or if any unavoidable, uninsured change in condition of the premises shall occur, the Seller shall be given a reasonable time, but not more than ninety (90) days in which to remove any defect in title,

or to restore the premises to the condition they are now in, reasonable use and wear accepted."

There was further evidence that after the signing of the agreement the plaintiff applied to the Provident Institution for Savings for a mortgage loan but was unable to obtain the same because of failure of Ericson to remove certain encumbrances on the property, the nature of which are not set forth in the report. On November 5, 1954, the date provided in the agreement for conveyance of the property, the plaintiff was at the Registry of Deeds where papers were to be passed but Ericson did not appear. On November 19, 1954 the plaintiff commenced this action for recovery of the deposit of $500.

At the close of the evidence and before final arguments, the defendant duly filed requests for rulings, which with the court's disposition were as follows:

"1.   The burden is upon the plaintiff to prove the contract upon which he seeks to recover and his own compliance with its terms." *Allowed.*

"2.   Any willful default in the performance of a contract by one of the parties thereto bars his recovery of damages for breach of such contract." *Allowed.*

"3.   An action of contract may not be brought prior to the time for performance of the contract." *Allowed.*

"4.   The contract upon which the plaintiff seeks

to recover required that the seller be allowed ninety days beyond the designated date of conveyance to correct any deficiencies in his title." *Allowed.* I find that the defendant Ericson had no intention to convey a clear title on November 5, 1954 or at any time.

"5. If the seller was unable to convey a clear title to the plaintiff on November 5, 1954, plaintiff had no right to demand a return of his deposit until ninety days after Nov. 5, 1954." *See finding of fact.*

"6. The plaintiff's refusal to allow the seller an additional ninety days prior to demanding the return of the deposit constitutes a willful breach of the contract." *See finding of fact.*

"7. The plaintiff has failed to show his own compliance with the contract upon which he seeks to recover." *Denied. See finding of fact.*

"8. At the time of bringing this action the plaintiff had no cause of action against the defendant." *See finding of fact.*

"9. Upon all the evidence the court must find for the defendant." *Denied.*

The Court also, in finding for the plaintiff, made the following special findings of fact:

"I find as a fact that the plaintiff on November 5, 1954 was ready and willing to comply with the terms of the agreement and is still willing but is prevented from doing so by willful refusal of the defendant Ericson to comply."

The defendant claims to be aggrieved by

the trial court's refusal to allow its requests Nos. 5, 6, 7, 8 and 9.

We find no merit in the defendant's requests for rulings Nos. 5 and 6 which were predicated upon the proposition that Ericson was entitled to an additional period of ninety days after the date provided in the agreement for passing of papers, for the purpose of removing encumbrances on the property. We assume without so deciding that the "encumbrances" are "defects" within the meaning of that term as used in the agreement. However the extension provisions of the agreement limit the defects to those which were not caused by the seller and which were unknown to him at the time he executed the agreement. Since nothing appears whatever as to the nature of the encumbrances, it cannot be said that the encumbrances or defects which existed at the time provided for the passing of papers, were of the kind and nature which, under the terms of the agreement, would have warranted or required an extension of the same. However, even assuming that the encumbrances were those contemplated by the agreement, it does not appear that Ericson's failure to present a deed at the time and place appointed was due to his being "unable" to remove the same. There was no evidence that during the nine weeks which elapsed between the signing of the agreement and November 5, 1954, the date for passing papers, Ericson made any effort whatever to remove the encumbrances or that he ever asked for, or even desired,

further time to enable him to cure such defects. The burden was upon him to show justification for his failure to present a deed at the time and place agreed upon by the parties, which he failed to do.

Under the circumstances, the trial court was justified in finding that Ericson had no intention of conveying a clear title to the property and that he had abandoned his contract. There was no error therefore in the ruling on plaintiff's requests 5 and 6.

Defendant's requests 7 and 8 were also properly denied. The trial court found as a fact that the plaintiff was willing and able to comply with the terms of the agreement. While the report does not specifically show that the plaintiff had a certified check or sufficient cash on his person at the time he went to the Registry of Deeds, nevertheless such evidence was not necessary to warrant the trial court's finding. The presence of the seller in the Registry of Deeds with a proper deed, conveying the property to the plaintiff as agreed, was a condition precedent to any obligation on the part of the plaintiff to pay the purchase price for the same. The trial court·found in effect that Ericson's conduct amounted to a repudiation of the contract and it is well settled that such repudiation relieves the other party from future performance. *Carpenter v. Hollman,* 105 Mass. 280; *Gillman v. Cary,* 198 Mass. 318, 319; *See v. Nesson,* 249 Mass. 307.

Defendant's request 9 is in effect a request,

although not specifically so stated, that the court rule that the evidence was insufficient to warrant a finding for the plaintiff. So interpreted, we find considerable merit in this request. It should be kept in mind that the defendant was not a party to the written agreement but was only an agent for the seller acting within the scope of his employment. The general and basic principles of law governing the liability in contract of a disclosed agent are so well settled as not to require citations to support them. Such an agent incurs no personal contractual liability for any act performed by him for his principal which is within the scope of his employment. *Stern v. Lieberman,* 307 Mass. 77.

The pertinent exception to this general rule is clearly set forth in *Cabot v. Shaw,* 148 Mass. 459, 460 where the Court said:

"It follows that, in the absence of proof of any contract binding the agents personally, they cannot be held in this action unless the facts are such that they can be held liable for money had and received to the plaintiff's use. The liability of an agent, who has acted in good faith, to repay money paid to him for his principal, arises only when the party paying it proves that he has the right to recall it, and that he has notified the agent and made a demand on him *before the money was paid over to the principal.* After such demand, if the money is still held by the agent, and no change has taken place in his situation, the law regards it as held for the use of the party entitled to it; who

may maintain an action for it. *Garland v. Salem Bank,* 9 Mass. 408; *Jefts v. York,* 10 Cush. 392 and 12 Cush. 196; *Quimby v. Carr,* 7 Allen, 417." [Emphasis added].

Neither the plaintiff's pleadings, nor his proof entitled him to recover under the foregoing principles of law. He has not brought an action for monies had and received but has sued the defendant for breach of a contract to which it was not a party and furthermore he has sued it jointly with the defendant Ericson where no joint liability existed. It is apparent, therefore, that there was a general misunderstanding of the correct principles of law governing the facts in the case at bar and it may be that the plaintiff has a cause of action against the defendant for money had and received. Under the circumstances it does not seem inappropriate for us to give the plaintiff the opportunity of moving to amend his declaration and, if amended, of trying his case upon the principles of law laid down in *Cabot v. Shaw, supra.*

Accordingly the trial court's finding for the plaintiff is vacated and the case is remanded for further proceedings consistent with this opinion and, in the event of non-amendment within thirty days after rescript, judgment is to be entered for the defendant.

*So ordered.*

Russell, Preston, Pearl, of Boston, for the Plaintiff.

Maguire, Roche, Garrity & Maloney of Boston, for the Defendants.