*Northern District*

No. 5667

**JOHN HAVEY**

**v.**

**RICHARD ERICSON**
**AND**
**TOWN AND COUNTRY HOMES, INC.**

Dec. 18, 1962

*Present*: Brooks, P. J., Eno & Parker, JJ.
Case tried to *Dewey, J.* in the First District Court

of Eastern Middlesex (Malden). No. 193 of 1955. *Parker, J.* This is an action in contract for money had and received against Ericson and Town and Country Homes, Inc. The one defendant Ericson was defaulted.

*At the trial it could be found that* a salesman of the defendant Town and Country showed the plaintiff's wife certain premises and that on the same evening (30 August 1954) the plaintiff and his wife paid to the defendant Town and Country a deposit of $500.00 and signed an agreement for the purchase of the premises from Richard and Phyllis Ericson. The Ericsons did not sign the agreement at that time and the Town and Country's agent took it with him. Later it was received by the plaintiff in the mail bearing the signatures of the Ericsons.

The agreement provided for the passing of papers on November 5, 1954, and that "any deposit will be held by Town and Country Homes, Inc. until Conveyance as aforesaid—except as hereinafter provided.

'If the Seller shall be unable to give title or to make Conveyance as above stipulated because of defects not caused by him at the time of the execution of this agreement, or if any unavoidable, uninsured change in condition of the premise shall occur, the Seller shall be given a reasonable time, but not more than ninety (90) days in which to remove any defect in title, or to restore the premises to the condition they are now

in, reasonable use and wear excepted'."

█ One report states "A copy of the agreement was admitted in evidence and is incorporated herein by reference." Rule 28 of the Rules of the District Courts (last paragraph) states "Papers on file in the case may not be incorporated by reference except by permission of the Appellate Division." No such permission was given. Accordingly, the agreement in its entirety is not before us, and we consider only those parts of the agreement contained in the report.

The plaintiff and his wife sold their home previous to 5 November 1954. On that date they had the money to make the purchase. They went to the registry of deeds on that day at the time called for and had the Ericsons paged. They did not appear.

The plaintiff demanded payment of the $500.00 previous to the service of the writ which was on 31 December 1954.

The court found for the plaintiff in the amount of $500.00 with interest from 5 November 1954.

█ The defendant Town and Country filed 18 Requests for Rulings. The Court granted Request #6; denied Requests #8, 9, 12, 13, 17 and 18; and ruled that Requests #1, 2, 3, 4, 5, 7, 10, 11, 14, 15, and 16, were immaterial in view of his findings. The defendant submitted his case on his brief and made no argument. In his brief he has not argued the court's action in its disposition of requests #8, 9, 14, 15, 16 and 17, therefore

any objection. to the court's rulings on these requests are deemed waived. *Lowell v. Marden & Murphy, Inc.,* 321 Mass. 597, 601-602.

█ The plaintiff submitted a brief and made an oral argument. We are constrained to observe that the plaintiff in his brief has not aided us in the determination of the case. In neither his brief nor his argument has he cited for help of the court any authorities other than *Cabot v. Shaw,* 148 Mass. 459, and has not fulfilled the duty of a party to assist the court with appropriate citation of authority. *Lolos v. Berlin,* 338 Mass. 10, 14.

We now consider the questions of law which the defendant argued on his brief:

█ *Request* #3—"Upon all the evidence a finding is required that the defendant dealt with the plaintiff as agent of a disclosed principal."

*Request* #1—"If the defendant, in its dealing with the plaintiff, acted as the agent of a disclosed principal, the defendant cannot be held liable on the contract for actions of its disclosed principal."

The court ruled that both requests were immaterial because of his findings.

"That on or about August 30, 1954, the plaintiff entered into said written agreement and paid to the duly authorized reppresentative of the defendant the sum of $500.00 as a deposit on account of the purchase price of said property in reliance on the representation of such representative that such deposit would be 'held by Town & Country Homes, Inc., until con-

veyance as aforesaid' (as provided for by The Terms of such agreement)."

In this action for money had and received, the right to recover does not depend on privity of contract, but on the obligation to restore that which the law implies should be returned because one is unjustly enriched at another's expense. *Claflin v. Godfrey,* 21 Pick 1, 6; *Rabinowitz v. People's National Bank,* 235 Mass. 102, 103; *Sherman v. Werby,* 280 Mass. 157, 160; *General Exchange Ins. Corp. v. Driscoll,* 315 Mass. 360, 365; *Flower v. Suburban Land Co., Inc.,* 332 Mass. 30, 33.

Requests #1 and #3 are based upon the law applicable to disclosed principals in actions on contracts.

The defendant has received the plaintiff's money. The agreement signed by the plaintiff was presented to him by the defendant's agent and states that the money was to be held by the defendant until conveyance. The court properly found that the plaintiff was ready, able and willing to pay for and take conveyance, but that the Seller did not keep its appointment under the agreement, and repudiated the agreement and so relieved the plaintiff from further performance. *Carpenter v. Holcomb,* 105 Mass. 280.

In view of this, if the defendant were to retain the plaintiff's money, he would be unjustly enriched at the expense of the plaintiff. There was no prejudicial error in the court's action which amounted to a denial of these requests.

*Request* ‡2—"Upon all the evidence a finding is required that the defendant was not a party to the contract between the plaintiff and Richard Ericson."

This request again is based on the law applicable to actions on a contract and not to an action for money had and received. In such an action based on principle of unjust enrichment, the law creates the privity and implies the promise. *Bouve v. Cottle,* 143 Mass. 310, 314. We do not find that there was prejudicial error in the court's action which amounted to a denial of this request.

*Request* ‡4—"In order to recover against the defendant in an action for money had and received the plaintiff must show that he has the right to recall the money from Richard Ericson, that he so notified the defendant and made demand on the defendant prior to the defendant's paying the money over to Richard Ericson."

The defendant cited *Cabot v. Shaw,* 148 Mass. 459, 460. Where there was a contract based upon a bill of lading to recover money paid for freight in which the plaintiff sought to recover for the goods from a disclosed agent, money, paid for freight on a ship owned by the defendant's principal which was cost. Again, the action was not for money had and received as is the case at bar, and the principle of unjust enrichment which is the essential of an action on the common count for money had and received is not a part of the decision in *Cabot v. Shaw* (see cases cited supra).

There was no prejudicial error in the court's action which amounted to a denial of this request.

*Request #5*—"The burden of proof is upon the plaintiff to show his right to recover back the money from Richard Ericson."

The action being based upon money had and received lies against the person who received the money from the plaintiff. The right of the plaintiff to recover from him does not depend upon any right of action against somebody else. The issue is whether the defendant has been unjustly enriched at the expense of the plaintiff. On the facts, he has, and the plaintiff is entitled to recover what the defendant received from him (see cases cited supra).

There was no prejudicial error in the court's denial of this request.

*Request #7*—"If the plaintiff had no financial means of purchasing the Ericson property on November 5, 1954, he cannot be said to have been ready, willing and able to perform his obligations under the contract."

To be ready, willing and able to purchase the property requires that the purchaser have the means. There was evidence which showed the plaintiff had the means, and the court has so found, which finding is not plainly wrong. *Dolham v. Peterson,* 297 Mass. 479; *Bandera v. Donohue,* 326 Mass. 563.

The plaintiff was present at the regis-

try with the deed and money and the Ericsons did not appear. Their action was a repudiation of the contract and relieved the other party from further performance. *Carpenter v. Holcomb,* 105 Mass. 280; *Gillman v. Cary,* 198 Mass. 318, 319; *Farm-Rite Implement Co. v. Fenestra, Inc.,* 340 Mass. 276, 282, cited by the defendant does not appear to be in point. In that case, the master made a finding on certain evidence, but failed to realize that in spite of his findings, there were other provisions in a written contract which would have justified other results. Only the evidence on these other provisions was reported and not the master's findings on this evidence, so therefore the Supreme Judicial Court could not determine what the master found on this part of the case. In the case at bar, since there was a finding that the plaintiff was ready, willing and able, it must include a finding that he had financial means. It is not a case, as that cited, where there were two or more distinct lines on which a finding could have been reached and the fact finder failed to find any facts which could determine if the lines other than those on which he made his findings could control.

We do not find prejudicial error in the court's denial of this request.

*Request* #10—"The burden of proof is upon the plaintiff to show that the defendant still holds the money paid to it for the use of Richard Ericson." *Request* #11—"Upon all the evidence, the plaintiff

has failed to prove that the defendant still holds the money received from the plaintiff."

■ Once again the basis for these requests as in others (supra), fails to apply the law relating to an action for money had and received. Defendant seeks to have applied rules which cover actions on contracts. In the case at bar, the defendant was to hold the money till the conveyance. The facts show there was no conveyance. Since there was no compliance with the contract by Ericson whether or not the defendant still holds the money is immaterial. If he does hold it, then he has money had and received for the plaintiff's benefit, and if he does not hold it, then he has disposed of money for which he had assumed responsibility and if he permitted the Ericsons to have this money, he did it on his own responsibility and risk. *Gill Equipment Co. v. Freedman,* 339 Mass. 303, 309-310.

We find no prejudicial error in the denial of these requests.

■ *Request* ♯12—"The plaintiff must show a demand made upon the defendant for return of the money prior to the commencement of this action."

*Request* ♯13—"The plaintiff has failed to show a demand upon the defendant for the return of the money prior to the commencement of this action."

Again the argument of the defendant that the court was in error in denying these requests is based on *Cabot v. Shaw,* which, as

has been pointed out before, was not an action for money had and received. The court's ruling on request ♯12 is not error, nor is the court's action on request ♯13 which amounted to a denial of the request. *Simmons v. Barns,* 263 Mass. 472, 476.

 *Request* ♯18—"Upon all the evidence the court must find for the defendant on Count II of the plaintiff's declaration."

This Count II is the only count before the court, and it is for money had and received. It is an amendment to the plaintiff's declaration in accord with the suggestion of this Division when the case was previously here.

Again the defendant fails to distinguish an action for money had and received, from an action on a contract. This Division in its prior decision (12 Legalite 361) cited *Cabot v. Shaw,* 148 Mass. 459, 460 as follows:

"It follows that, in the absence of proof of any contract binding the agents personally, they cannot be held in this action unless the facts are such that they can be held liable for money had and received to the plaintiff's use . . . . ."

The opinion then states what is required in an action of contract, not one for money had and received. This Division stated that neither the plaintiff's pleadings (not then being based on money had and received) nor his proof, entitled him to recover under those requirements for an action on a contract. The plain-

tiff was given the opportunity to amend his pleadings so that he could prove his case on a count for money had and received, since he had not proved his case as a contract. The plaintiff has done this.

Further, it is to be pointed out that under Rule 27 of the Rules of the District Courts, no review of right lies to the denial of a request for ruling "upon all the evidence" in a case in which specifications of the grounds for the request can be made.

We find no error in the court's denial of this request.

The Report is to be dismissed.

Russell P. Pearl, of Boston, for the Plaintiff.
Roche & Leen, of Boston, for the Defendant.