*Southern District*

No. 76

**PAPERS, INC.**

v.

**GRANITE PAD & PAPER, INC. AND
SOUTH SHORE NATIONAL BANK**

Argued: Mar. 21, 1974 - Decided: May 8, 1974

*Present:* Murphy, P.J., Prince & Tamkin, JJ.
Case tried before *Sullivan, J.* in the District
Court of East Norfolk (Quincy). No. 71,161.

**Murphy, P.J.** This is an action of contract
for a balance due for goods sold and delivered
in the amount of $8,567.99.

The defendant's answer is a general denial,
payment, that the goods delivered were defective and not according to specifications, that
the plaintiff failed to remedy the breach fol-

lowing defendant's prompt notice thereof, and an offer to return the goods.

The court found for the plaintiff in the amount of $8,152.00 without interest.

It is unnecessary to set forth the reported evidence in detail for the reasons hereinafter stated.

As for the merits of the report, the failure of the judge to allow the defendant's requests for rulings numbers 5 and 6 (which is the basis of the defendant's grievance) does not constitute prejudicial error. The reported evidence amply supports this conclusion, and this is so even though the trial judge failed to make any special findings to justify the denial. In any event, the plaintiff filed a motion to dismiss the report for failure to comply with the rules which appears to be in order.

The report was allowed on December 10, 1973 over three months ago. The defendant has been represented by counsel at all stages of the case, except at the hearing before us when the treasurer of the defendant company appeared *pro se*.

Rule 31, District Court Rules, 1965, as amended, requires 5 copies of the report and 5 copies of the briefs to be filed within 15 days after the allowance of the report. No copies of the report and no briefs were ever filed. No request for an extension of time was ever filed and counsel did not appear to argue at the hearing before us.

Rules of appellate procedure should be strictly construed. *Famigletti* v. *Neviackas,* 324 Mass. 70 and cases cited.

The motion to dismiss should be allowed. **So ordered.**

ALBERT AUBURN, ESQ.

    for Plaintiff

JAMES R. McINTYRE, ESQ.

    for Defendant