*Southern District*

# No. 82

## DOROTHY KRAFT
## MYRON KRAFT

### v.

## JOHN H. HIGGINS
## WILLIAM A. FRICKER
## LETITIA FRICKER

Argued: Sept. 4, 1974. Decided: Aug. 13, 1975

See: 18 LEGALITE 213, 223; 26 LEGALITE 121;
11 LEGALITE 233; 16 LEGALITE 317.

Case tried in the Second District Court of Barnstable, *Welsh, J.* Number: 19121-R.

Present: *Murphy, P.J.; Prince, J.; Tamkin, J.*

Counsel for defendants: *O'Donoghue & O'Neil.*

**(This opinion has been abridged.)**

**Prince, J.** * This is an action of tort. The declaration is in two counts. Count 1 is for personal injuries to the plaintiff Dorothy Kraft. Count 2 is for consequential damages and loss of her services by her husband Myron Kraft. The defendants answered by way of general denial, contributory negligence, and damages, if any, were caused by some person for whom the defendants are not legally responsible.

One of the three defendants, John H. Higgins, received a finding in his favor on motion. He is not involved in this appeal.

The two remaining defendants, William A. and Letitia Fricker, husband and wife, are the appellants. It is not disputed that they held beneficial ownership and control of the subject premises.

The trial justice made extensive findings of fact and rulings of law in finding for the plaintiff Dorothy Kraft against both defendants in the sum of $8,500 on Count 1; and for the plaintiff Myron Kraft in the sum of $1,816.75 on Count 2.

The evidence most favorable to the plaintiffs was as follows:

On August 8, 1970, between 11:30 A.M. and 12:00 noon, the plaintiffs registered and were assigned room 12 on the second floor of the Holden Inn operated by the defendants Fricker in the Town of Wellfleet. The entry way to the building consisted of a wood framed screen door about 30 inches in width. The opening and closing of the door was controlled in part by a

---

* This opinion was drafted by Prince, J. before he was elevated to the Superior Court.

hydraulic door-check attached to the top of the door. Underneath the doorway, there was a cement step, two feet broad and between 30 and 40 inches wide.

On this date, the plaintiff Dorothy Kraft had a condition known as "Perthies Hip" which made walking in a normal manner difficult for her. She was wearing open-toed sandals.

Between their arrival at about 12:00 noon and 5:00 P.M. that same day when the accident happened, the plaintiff Myron Kraft passed through the doorway to the building five times. He noticed the door had a tendency to stick, causing some difficulty in opening and closing rather quickly and with more than normal force.

At some time before the accident, he discussed the problem with William Fricker who commented, "You'd make a great superintendent." Mr. Kraft testified he was able to manage the door with no great problem.

Although Dorothy Kraft had passed through the door twice before the accident, either her husband or someone else had held the door for her.

The sole evidence as to the alleged operating condition as to the door check was that offered by Myron Kraft to the effect that the door resisted him and closed too quickly."

Shortly before 5:00 P.M., Mrs. Kraft, unassisted by anyone, opened the door and was stepping down to the step below. The door struck her from the rear knocking her to the ground causing serious personal injuries. A small mat on the stair slid out from under her contributing to her fall and her injuries.

The only issue to be determined is whether or not on the facts found, there is sufficient evidence to constitute a *prima facie* case of negligence of the defendants resulting in the plaintiff's damages. We hold that there is not sufficient evidence.

■■ It is a general rule that an owner of property owes to business invitees, which the plaintiffs were, a duty to use reasonable care to keep the premises in a reasonably safe condition and to warn them of dangers not obvious to the ordinary person but which are known to the owners. *LeBlanc v. Atlantic Building & Supply Co., Inc.* 323 Mass. 702, 705 (1949).

The duty to warn does not extend to dangers, of which the owners may reasonably assume the visitor has knowledge. *O'Hanley v. Norwood*, 315 Mass. 440, 442 (1944).

The trial justice found "defendant, William Fricker had actual notice of the fact that the door check offered too much resistance on being opened and closed with too much force and failed to take appropriate measures to correct the condition or otherwise insure the safety of the plaintiffs." [*Goldsmith v. Ricles*, 272 Mass. 391, 395].

The conversation whereby Myron Kraft discussed with William Fricker that the door had a tendency to stick causing some difficulty in opening and closing rather quickly and with more than normal force is not in and of itself enough to prove the defendants' negligence. There must be some evidence that the door or the door check was defective in some way.

A door of this kind is to be classed with other forms of construction including various types of doors, floors, stairs, and ramps, whether new or old, not out of repair, upon which an invitee may be injured but which are not of such a character that danger is reasonably to be anticipated to persons exercising ordinary care. *Rosenberg v. Hartman*, 313 Mass. 54, 55 (1943).

The sole evidence of the operating condition of the door which was offered by Myron Kraft that it "resisted him and closed too quickly" does not justify an inference that there was a defect in the door or

the door check. The defect, if any, remains a matter of surmise, speculation and conjecture.

There was no affirmative evidence shown that the door check, the step, or the mat was in any way defective or that the door was not absolutely safe when properly used. *Smith v. Johnson,* 219 Mass. 142, 143 (1914).

■. The use of a hydraulic door-check, which is a mechanical device, is not evidence of negligence. *Buzzell v. R. H. White Co.,* 220 Mass. 129, 132 (1915); *Corthell v. Great A & P Tea Co.,* 291 Mass. 242, 243 (1935).

The burden was on the plaintiffs to prove that an act or omission of the defendants in violation of a legal duty owed the plaintiffs was the proximate cause of the injury to the plaintiff.

The discussion as to the door between the plaintiff Myron Kraft and the defendant Fricker was not such notice as to require immediate action by the defendant to "take appropriate measures to correct the condition or otherwise insure the safety of the plaintiffs." There is no evidence that the plaintiff either demanded or requested such immediate action by the defendant. It was not shown that the defendant refused to examine the door.

■. The findings fail to show the time between noon and 5:00 P.M. when the conversation about the door took place. It is a matter of guesswork whether or not the defendants had a reasonable opportunity to make repairs, if any were necessary. *Callaghan v. R. H. White Co.,* 303 Mass. 413, 415 (1939).

The step and the mat which slid out from under the plaintiff are not evidence of negligence. In entering or leaving many buildings, adjoining surfaces are frequently at different levels; steps are usually the means of overcoming the differences. In the absence of show-

ing some defect in the step and/or the mat thereon, the landlord violates no duty to his invitees. *Sterns v. Highland Hotel Co.,* 307 Mass. 90 (1940).

Each of the plaintiffs passed through the doorway more than once on the afternoon of the accident. The step, the mat and the operation of the door were open and obvious. There was no duty on the defendants to warn the plaintiffs. There was no breach of duty amounting to negligence. *Kingsley v. Mass. Bay Trans. Authority,* 330 N.E. 2nd 449 (Mass. Appeals Court 1973); *Mitchell v. William Filenes Sons Corp.,* 335 Mass. 760 (1956).

The defendants claim to be aggrieved by the denial of defendants request for rulings numbered 2, 4, 5 and 7 which read as follows:

"2. The evidence is insufficient to warrant a finding for the plaintiff.

4. The plaintiff has not proven by the preponderance of the evidence that the defendants, Frickers, were negligent.

5. The plaintiff has not proven by the preponderance of the evidence that the defendants, Frickers, breached a duty that the defendants owed her.

7. On all of the evidence, a finding is required that the defendants, Frickers, were not negligent."

The defendants further claim to be aggrieved by the allowance of the plaintiff's request for rulings numbered 4, 5, 6, 7, 8 and 9, which read as follows:

"4. That the defendants, William A. and Letitia Fricker, their agents, servants or employees, had the duty to properly maintain the screen door and its mechanical closing mechanism in a reasonably safe condition on August 8, 1970.

5. That there is sufficient evidence upon which the court could find that the plaintiff, Dorothy Kraft, was caused to fall and sustain injuries as the result of a defective mechanical door closing mechanism on the premises of the defendant on August 8, 1970.

6. That there is sufficient evidence upon which the court could find that the defendants, William A. and Letitia Fricker, their agents, servants or employees, received adequate notice of the defective door closing mechanism.

7. That there is sufficient evidence upon which the court could find that the defendants, William A. and Letitia Fricker, were negligent in failing to correct the defect in the door closing mechanism.

8. That there is sufficient evidence upon which the court could find that the defective condition in the door closing mechanism caused the plaintiff, Dorothy Kraft, to fall.

9. That there is sufficient evidence from which the court could find that the defendant's negligence was the cause of the plaintiff's injuries."

The motion of the defendants Fricker for a finding in his favor was denied. This was error.

The denial of the defendants' requests for rulings 2, 4, 5 and 7 was prejudicial error.

The allowance of those requests for findings and rulings filed by the plaintiffs were in error so far as they related to defects and the breach of duty by the defendants to the plaintiffs.

The findings by the trial justice in favor of the plaintiffs are reversed. Findings for the defendants Fricker are to be entered on both counts with costs of suit and appeal.