LAWRENCE KREJMAS *vs.* CUMBERLAND FARMS DAIRY STORES, INC. May 25, 1976. There was evidence from which the jury could find that the plaintiff slipped and fell on ice or snow which the defendant had negligently permitted to accumulate in the recessed entrance way to its store. The defendant was responsible for maintaining the entrance way in a reasonably safe condition for visitors' use. *Schallinger* v. *Great Atl. & Pac. Tea Co.* 334 Mass. 386, 390 (1956). Whether because the entrance way was within the scope of the original declaration (the "defendant's sidewalk") or because there was no abuse of discretion in allowing the amendment to the declaration (compare *Melanson* v. *Smith,* 282 Mass. 85, 86-87 [1933]; *Gallagher* v. *Wheeler,* 292 Mass. 547, 550-552 [1935]; *Coburn* v. *Moore,* 320 Mass. 116, 123-124 [1946]; *Koleshinski* v. *David,* 328 Mass. 276, 281 [1952]; see also *Pizer* v. *Hunt,* 253 Mass. 321, 330-332 [1925]; *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 352-355 [1935]), the defendant's claim of variance must fail. There was evidence which warranted a finding that the plaintiff's wife delivered to the defendant a notice signed by the plaintiff, which, taken together with the notice introduced in evidence (see *Roland* v. *Kilroy,* 282 Mass. 87, 90 [1933]; *Ajamian* v. *Watertown,* 317 Mass. 242, 244 [1944]), satisfied the requirements of G. L. c. 84, § 21.

*Judgment is to enter on the verdicts.*

*Henry A. Moran, Jr.,* for the defendant.
*James C. O'Sullivan* for the plaintiff.