Banks, J.
This is an action in tort to recover damages for personal injuries sustained by the plaintiff in a fall on the defendant’s business premises. The matter was brought in the Waltham Division of the District Court.
The reported evidence indicates that: On September 26,1980, the plaintiff was an invitee in the defendant’s department store. As the plaintiff was entering the store, the door “came back and struck’’ the plaintiff on the right shoulder and arm. The report states that there was no explanation by the defendant as to how the door closed upon the plaintiff. The plaintiff received medical treatment for her injuries; and incurred a loss of $516.00 in wages for the three week period in which she was unable to work.
The court entered judgment for the defendant upon the following subsidiary findings of fact:
The plaintiff was injured while entering the defendant’s premises through a glass door. The door was equipped with a hydraulic safety hinge designed to prevent the door from closing too quickly. The uncontroverted evidence introduced by the defendant is that the doors are regularly checked twice daily and that on the date of the plaintiffs injury, and at all times thereafter, the door operated properly - free of any defect or malfunction.
An examination of the docket reveals that the plaintiff filed an amended draft report on November 23, 1981. On January 14, 1982, plaintiff’s attorney submitted a motion to withdraw from the case. Said motion was allowed on January 22, 1982. A report was ultimately settled and signed by the trial justice on January 22, 1982, and the docket indicates that both parties were duly notified and advised to file written briefs. Neither the requisite report copies mandated by Dist./Mun. Cts. R. Civ. P., Rule 64(f) nor a written brief was submitted by the plaintiff.
In the report before this Division, the plaintiff claims to be aggrieved by the trial court’s denial of plaintiffs requests for rulings of law numbers 9,10,11 and 12. These requests state:
9. The evidence warrants a finding that the defendant failed to exercise reasonable care towards the plaintiff by failing to keep the doors to the store open in a reasonable and proper manner.
10. The evidence warrants a finding that as a result in the negligent way in which the doors were open the plaintiff was caused to suffer *108 injury.
11. The evidence warrants a finding for the plaintiff.
12. The evidence does not warrant a finding for the defendant.
It is essential to note initially that the plaintiff has failed effectivey to prosecute this appeal. The withdrawal of the plaintiffs attorney from this case on January 22, 1982 left the plaintiff to pro se representation. The requirements of Dist./ Mun. Cts. R. Civ. P., Rule 64 are, however, as compulsory for the lay person as they are for legal counsel. The plaintiff’s failure to adhere to the strictures of Rule 64 thus constituted a waiver of any right to appellate review.
The plaintiff neglected to submit five additional copies of the report as mandated by Dist./Mun. Cts. R. Civ. P., Rule 64 (f). General Laws c. 231, § 108 states that “if the party claiming a report shall not duly prosecute the same by preparing the necessary papers or otherwise, the appellate division may order the case to proceed as though no such claim has been made.” Assuming a strict construction of the rules and statutes governing appellate procedure, see Framigletti v. Neviackas, 324 Mass 70, 72, the plaintiff s obvious disregard of Rule 64(f) would be sufficient to warrant a dismissal of this appeal. Hill v. Motor Club of America Ins. Co., Mass. App. Div. Adv. Sh. (1978) 646, 648, citing Papers, Inc. v. Granite Pad & Paper, Inc. 54 Mass. App. Dec. 123, 124-125 (1974); Pilla v. Almeida, 18 Mass. App. Dec. 122, 124 (1960); Magee v. Prudential Wares of New England, Inc., 36 Mass. App. Dec. 92, 96 (1966).
The plaintiff has further compounded her procedural problems by neglecting to submit, as the appellant, a written brief. Rule 64(f) unequivocally states:
No oral argument will be heard in behalf of a party for whom briefs have not been filed as provided in this rule unless by special permission of the appellate division. The appellate division need not pass upon questions or issues not argued in briefs.
Although the clear import of this provision is to render appellate review permissive rather than mandatory in cases where briefs have not been filed, this Division has consistently equated the absence of an appellant’s brief with a fatal failure to prosecute an appeal. Thus it has been stated that:
It is the obligation of an aggrieved party to present its case to a reviewing court within the framework of an orderly analysis of applicable law, supplemented, where appropriate, by case citation. Havey v. Ericson, 26 Mass. App. Dec. 15, 19 (1962). This Appellate Division should not be expected to spend... time in the elucidation of matters not deemed by those interests as worthy of their own reasoning faculties. Soscia v. Soscia, 310 Mass. 418, 420 (1941), quoting from Commonwealth v. Dyer, 243 Mass. 472, 508 (1923).
Hill v. Motor Club of America, Ins. Co., supra, at 648; Cahill v. Swampscott, Mass. App. Div. Adv. Sh. (1979) 337, 338-339.
In short, the report sub judice could be dismissed on the basis of the plaintiff s failure to prosecute this appeal in conformity with the requirements of Dist./ Mun. Cts. R. Civ. P., Rule 64. Such a disposition would not appear to contravene the Supreme Judicial Court’s proscription of dismissals predicated on an appellant’s “inconsequential” or “innocuous” breach of procedural tenets. See Cape Cod Bank & Trust Co. v. LeTendre, Mass. Adv. Sh. (1981) 2055, 2058-2059. The plaintiffs failure to submit report copies and a written brief cannot be deemed consistent with, or indicative of, a “substantial effort to comply with the spirit and intent of the rules.” Ibid at 2056-2057. The presentation of a case to an appellate court necessarily entails not only clerical and administrative labor, but also legal research, analysis and argument. The plaintiff should not be permitted *109 to abandon her appeal at the filing stage and, in so doing, to visit all administrative tasks upon the trial court clerk and to compel this Division to analyze and argue in her behalf the merits of her claim.
In any event, there would appear to have been no error in the trial court’s denial of plaintiffs requested rulings numbers 9, 10, 11 and 12 as the report indicates a lack of sufficient evidence to require a finding for the plaintiff. As is always the case with denial of “warranted” requests for rulings, there is the problem of ascertaining that the basis of the finding rests upon the determination of facts and not upon an error of law. DiGesse v. Columbis Pontiac Co., Inc., et al., 336 N.E. 2d 904. The statement of facts found by the Trial Court makes clear that the judgment of the Trial Court rests upon a factual finding of the absence of negligence on the part of the Defendant. To recover against the defendant herein, it was incumbent upon the plaintiff to establish by a preponderance of the evidence a breach of due care by the defendant, and a causal connection between the same and the plaintiffs injuries, Falvey v. Hamelburg, 347 Mass. 430, 435 (1964); Bernardi v. Menicks, 340 Mass. 396 399-400 (1960); Bratton v. Rudnick, 283 Mass. 556, 559 (1933). The duty owed by the defendant to the plaintiff, as business invitee, was to employ ordinary care to maintain its business premises, including entrance ways and access routes, in a reasonably safe condition. See, as to general duty, West v. Molders Foundry Co., 342 Mass. 8, 12 (1961); Romano v. Massachusetts Port Auth., 3 Mass. App. Ct. 765 (1965); Windheim v. Sears Roebuck & Co. 42 Mass. App. Dec. 132, 139-140 (1969). See, as to entrances and access routes, Krejmas v. Cumberland Farms Dairy Stores, Inc., 4 Mass. App. Ct. 811 (1976); Demirdjian v. Star Market Co., 1980 Mass. App. Div. 43, 44; Greenfield v. Freedman, 328 Mass. 272, 274 (1952). There is no indication of evidence herein that the defendant breached this duty and was thus negligent.
The report states merely that the plaintiff was injured when the door to the defendant’s store “came back and struck her.” The mere occurrence of an accident is not evidence of negligence. Atkins v. Marten Jordan, Inc., 36 Mass. App. Dec. 67, 68 (1965); Zarillo v. Stone, 317 Mass. 518 (1945); Wardwell v. George H. Taylor Co., 333 Mass. 302 )1956). The doctrine of res ipsa loquitor, which may be deemed an exception to this general principle, would not appear to be applicable herein.
The plaintiff has advanced no evidence that:
(1) the accident which caused his injury is the kind of occurrence which usually does not happen in the absence of negligence by the defendant; and
(2) that the instrumentality had not been improperly handled by himself or by intermediate handlers.
Coyne v. John S. Tilley Co., 2 Mass. App. Ct. 641, 644 (1974). See also Evangelio v. Metropolitan Batting Co., Inc., 339 Mass. 177, 180-183 (1959); Cronin v. I.G.A. Foodliner, 55 Mass. App. Dec. 158, 166 (1974). The closing or slamming of a door which is not proven to be defective is not the kind of circumstance which warrants the invocation of res ipsa loquitor principles. Lazarro v. Blanchard & Co., Inc., 11 Mass. App. Dec. 109, 111 (1956).
The absence of any evidence that the door herein was defective also precludes' a finding that the defendant negligently failed to warn the plaintiff of a dangerous condition on its business premises. Even a door equipped with a hydraulic safety hinge does not per se constitute a dangerous instrumentality, the mere utilization of which could be deemed negligence. Kraft v. Higgins, 56 Mass. App. Dec. 15, 18-19 (1975). No duty arises in the law of torts unless the person on whom the duty would rest has reason to suppose that a warning is necessary. Carney v. *110 Bereault, 348 Mass. 502, 506 )1965); Gallo v. Leahy, 297 Mass. 265, 269 (1937).
The mere closing of the door upon the plaintiff was not evidence which would per se justify an inference that the door was defective. Kraft v. Higgins, supra at 18-19. Even actual evidence of a defect in the door would, however, be insufficient standing alone to warrant a finding of negligence herein. Molarelli v. Hayes-Bickford Lunch System, 329 Mass. 763, 764 (1946); Buzzell v. R.H. White Co., 220 Mass. 129, 132 (1915). The defendant, as business invitor, was not an insurer of the plaintiffs safety, and would have been entitled to a reasonable opportunity to become informed of any dangerous condition on its premises and to take measures to correct it. Deagle v. Great Atlantic and Pacific Tea Co., 343 Mass. 264 (1961). Upon evidentiary proof of the existence of a defect, the plaintiff would thus have been required to demonstrate further that the defendant created the defect, was actually aware of it or had sufficient opportunity to discover and remedy it. Olveri v. M.B.T.A., 363 Mass. 165, 167 (1973); Gallagher v. Stop & Shop, Inc. 332 Mass. 560, 563 (1955); Herter v. Waltham Supermarket, Inc. Mass. App. Div. Adv. Sh. (1979). No such evidence was introduced in the instant case.
Any finding of negligence herein would thus have had to have been imper-missably premised on surmise or conjecture. The plaintiff bore an:
affirmative burden (which) could not be left to surmise, conjecture or imagination. There must be something amounting to proof either by direct evidence or rational inference of probabilities from established facts. While the plaintiff is not bound to exclude every other possibility of cause for his injury except that of the negligence of the defendant, he is required to show by evidence a greater likelihood that it came from an act of negligence for which the defendant is responsible than from a cause for which the defendant is not liable. If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for which the defendant is liable, then a plaintiff fails to make out his case.
Alholm v. Wareham, 371 Mass. 621, 626-627 (1976). See also Mott v. Morin’s Bakery & Restaurant, 45 Mass. App. Dec. 75, 82 (1970); Currie v. Lee Equipment Corp., 362 Mass. 765, 768 (1973); Green v. R.H. White Corp., 35 Mass. App. Dec. 115, 119-120 (1966). The defendant herein was entitled to a finding in its favor as a matter of law, and the trial court properly denied the plaintiff’s requested rulings.
There being no error, the report is dismissed.