Curtin, J.
This is a motor vehicle tort action to recover for personal injuries allegedly sustained by plaintiff James Ward (“Ward”), a passenger in a car driven by third-party defendant Bradford Barrett (“Barrett”), when Barrett’s car collided with a vehicle operated by defendant Richard James (“James”). Following the entry of judgment for both the defendant and the third-party defendant, plaintiff Ward filed this Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal of the trial court’s disposition of six of his requests for rulings.
The Statement of Undisputed Facts in the record indicates that James’ and Bar-' rett’s vehicles were in two separate lines of traffic which were slowly merging into one to enter the parking lot of the Bayside Expo Center on January 5, 1997. As they inched ahead, the vehicles collided. The points of contact were the left front fender of James’ vehicle and the right rear tire well of Barrett’s vehicle. Further, the Statement actually recites that at the moment of impact, both James’ vehicle and Barrett’s vehicle were at a complete stop.
After trial, judgment was entered for both defendant James and third-party defendant Barrett upon the trial judge’s specific finding of fact that neither James, nor Barrett, was negligent “in that the evidence did not prove that either ... failed to exercise due care in the operation of their motor vehicles on January 5,1997.”
1. Plaintiff Ward’s appeal to this Division is predicated entirely on a fundamental misunderstanding as to the burden of proof in a negligence action. Ward erroneously contends that as there was no affirmative proof that the incident constituted an unavoidable accident, the trial judge was required as a matter of law to make a finding that the plaintiff’s alleged injuries resulted from the negligence of either James or Barrett and to enter judgment for the plaintiff.
It is elementary that to recover on a claim for negligence, the burden of proof rests entirely on the plaintiff to establish by a preponderance of the evidence that he sustained injury or damage which was proximately caused by the defendant’s breach of a duty of care owed to the plaintiff. See, e.g., Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358 (1990); Higgins v. Delta Elev. Serv. Corp., 45 Mass. App. Ct. 643, 645 n.4 (1998); Foreign Car Center, Inc. v. Salem Suede, Inc., 40 Mass. App. Ct. 15, 17 (1996). Ward’s action was against James, and the preponderance standard obligated Ward to introduce sufficient evidence that it was more likely than not that James was negligent in the operation of his vehicle, and that such negligence caused Ward’s claimed injuries. See King’s Case, 352 Mass. 488, 492 (1967); Lisbon v. Contributory Retirement Appeal Board, 41 Mass. App. Ct. 246, 255 (1996).
*209 The mere occurrence of the accident in this case did not constitute evidence that James was negligent. Olofson v. Kilgallon, 362 Mass. 803, 805 (1973). See generally Wardell v. George H. Taylor Co., 333 Mass. 302, 305 (1955); Osborne v. Hemingway Transport, Inc., 28 Mass. App. Ct. 944, 945 (1990); Voci v. Sears, Roebuck & Co., 1983 Mass. App. Div. 107, 109. Ward has presented, however, little in the way of additional evidence suggesting James’ negligence other than the supposition that the accident was avoidable and that either James or Barrett must thus have been legally negligent. “Matters that are left so doubtful that there is no preponderance either way are not proved in the legal sense.” Alholm v. Wareham, 371 Mass. 621, 626 (1976). Nor is there evidence in the record establishing that James, rather than Barrett, actually caused the collision. “A mere possibility of... causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.” RESTATEMENT (SECOND) OF TORTS §433B, comment a (1965).
Given the dearth of evidence to satisfy plaintiff Ward’s burden of proof, the trial court was in no way required as a matter of law to find that James was negligent.
2. While Ward’s notice of appeal listed as an issue the propriety of the trial court’s disposition of his requests for rulings of law numbers 4 through 9, Ward has effectively waived specific appellate consideration of these requests by failing to present any written argument in his brief on the issues raised. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4). See Montello v. Smith, 1998 Mass. App. Div. 43, 45; Harrison v. Aldenberg, 1997 Mass. App. Div. 37, 39. We note briefly that given the trial court’s dispositive finding of fact that neither James nor Barrett breached any duty of care, Ward’s requests 5 through 9 dealing with the remaining tort elements of foreseeability, causation and damages became irrelevant and were thus properly denied as “immaterial” on the basis of the court’s finding. Kaufman v. National Casualty Co., 342 Mass. 412, 417 (1961); Ricciardone v. Carvelli, 334 Mass. 228, 231 (1956).
There was also no error in the court’s denial of request number 4[2] which quoted a Safe Driver Insurance Plan Regulation creating a presumption of driver fault under specified circumstances. Pursuant to 211 CMR 74.03, the standards and presumptions created by the Regulation in question are for the sole administrative use of the Merit Rating Board and insurers in applying the Safe Driver Insurance Plan. The insurance surcharge regulation was clearly irrelevant in this action at law. There is no presumption of negligence in a motor vehicle tort action.
Appeal dismissed.
So ordered.

 Request for ruling of law number 4 stated: ‘The operator of a vehicle subject to the Safe Driver Insurance Plan shall be presumed to be more than 50% at fault when operating a vehicle which is partially or completely out of its proper lane and is in collision with another vehicle: (a) while being passed by the other vehicle, the passing vehicle being in its proper lane; (b) while passing the other vehicle, the other vehicle being in its proper lane; or (c) while changing or turning into or across the other vehicle’s lane. 211 CMP 74.04(05).”