## INHABITANTS OF TRURO *vs.* RICHARD R. FREEMAN.

Barnstable.   March 22. — Sept. 8, 1877.   LORD & SOULE, JJ., absent.

A tenant in a writ of entry, who pleads the general issue of *nul disseisin,* and upon the same paper, " and, in addition to said plea, sets forth the following ground of defence," to wit, nontenure, sufficiently complies with the rule of the Superior Court requiring nontenure to be presented in a specification of defence at the time of filing the plea.

Under a specification of nontenure, a tenant in a writ of entry may show that he has only a reversionary interest in the demanded premises, and that he is not in occupation of and has no right of present possession to them, but that they are in the lawful occupation of another who has a homestead right therein.

If a witness testifies, without objection, as to the valuation which the assessors of a town had put upon a parcel of land, it is within the discretion of the judge to allow the party calling the witness to put in the assessors' valuation, for the purpose of correcting the testimony of the witness.

WRIT OF ENTRY to recover a parcel of land in Truro. The tenant filed the following : " And now comes said Freeman and defends his right, and says he did not disseise the said inhabitants of the town of Truro, in manner and form as they in said writ and declaration have supposed, and of this he puts himself upon his country. And, in addition to said plea, the said Freeman sets forth the following ground of defence : that he is not and was not, at date of said writ, nor at any time thereafter, tenant of the demanded premises, as of freehold, nor in any possession thereof."

At the trial in the Superior Court, before *Gardner*, J., the demandant introduced in evidence a deed dated June 10, 1872, from the collector of taxes to the demandant, reciting that taxes were assessed upon the demanded premises to one Atkins, as resident owner thereof, and that for non-payment of the same the premises were purchased, at a sale thereof, by the collector on behalf of the demandant under the St. of 1862, c. 183 ; and also introduced in evidence, to show the tenant's title to the demanded premises, a quitclaim deed of the same to him, dated December 30, 1868, from the assignee in bankruptcy of Atkins. It did not appear that either the demandant or tenant had been at any time in actual possession of the premises.

The tenant introduced evidence tending to show that Atkins claimed and was entitled to an estate of homestead in the demanded premises and an adjoining parcel; that Atkins had owned and occupied the premises, as a residence, for many years prior to a declaration of homestead therein, made in April, 1868, by him, and duly recorded ; that the two parcels were together of less value than $800 ; that subsequently Atkins became a bankrupt ; and that he with his family had been in exclusive possession and occupation of the premises long prior to the date of the tenant's deed and up to the present time. Atkins testified as follows : " I have owned the premises fifty years, I built the house on them forty-eight years ago. Freeman never occupied the premises. I claim to hold the premises under my homestead title against all persons."

This evidence was uncontradicted, but was objected to by the demandant, as inadmissible under the pleadings, but the judge admitted the same.

Atkins, as a witness for the tenant, testified, without objection, to show the value of the premises, that the assessors had assessed the premises claimed as a homestead upon a valuation of over $900, after which the judge, against the demandant's objection, permitted the tenant to put in the valuation of the assessors, which tended to show that they had not assessed the premises for over $900, but for a less amount. This evidence was admitted for the sole purpose of explaining the testimony of Atkins, and not for the purpose of showing the value of the premises, and the jury were carefully instructed not to consider this evidence as bearing upon the question of value.

The jury found specially that the homestead right of Atkins included the demanded premises, and that the two parcels were together worth less than $800.

The judge directed the jury to return a verdict for the tenant; and reported the case for the determination of this court. If the demandant could maintain this action against the tenant, the verdict was to be set aside; otherwise, judgment on the verdict.

*J. M. Day*, for the demandant.

*I. Knowles, Jr.*, for the tenant.

AMES, J. Since the abolition of special pleading in this Commonwealth, if the tenant in a writ of entry, instead of putting in issue the demandant's title, chooses to defend himself upon the ground of nontenure or disclaimer, he may plead the general issue of *nul disseisin*, and accompany his plea with a specification of his real ground of defence. Gen. Sts. *c.* 129, § 15; *c.* 134, § 12. In this case, the specification purports to be a part of the plea, and is incorporated with it, instead of being expressed upon a separate paper, and filed separately; but this peculiarity does not affect the substance of the allegation. It is still a plea of the general issue, accompanied with a specification, within the meaning of the 45th Rule of the Superior Court.*

It was allowable under this plea and specification to show that the tenant had only a reversionary interest in the estate, was not

---

* "In all real actions, where the tenant relies on disclaimer, nontenure, or any other defence, which, under the rules of common law, could not be shown under the general issue, he shall present the same in a specification of defence at the time of filing his plea."

in the occupation of it, and had no right of present possession, but that, on the other hand, Atkins was lawfully occupying under a homestead right, the entire premises being worth less than the statutory limit of that right. If such were the fact, the action cannot be maintained against the tenant. *Martin* v. *Graves*, 5 Allen, 601. *Kerley* v. *Kerley*, 13 Allen, 286. *Hall* v. *Whiston*, 5 Allen, 126.

Testimony as to the assessors' valuation of the property having been received without objection, it was within the discretion of the presiding judge to allow the tenant, for the purpose of explaining and correcting the testimony of his own witness, to · show what that valuation really was, by the record itself. The effect of this evidence was carefully limited to this purpose of explanation. As the jury were distinctly instructed not to consider it as bearing on the question of value, we must presume that the value was adequately proved by other evidence.

The parties may consider the expediency of applying to the court below to order the verdict and judgment to be entered in such a form as to clearly show what issue has been actually tried and decided.          *Judgment on the verdict.*