FRITIOF E. OLSON *vs.* E. CARPENTER & another.

Suffolk.    October 8, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Land Court*, Jury issues, Appeal.

Answers made by a jury in the Superior Court and certified to the Land
Court, upon issues framed by the Land Court in a writ of entry, that
the demandant was entitled to possession, that his damages were a
certain sum and that a judgment in a prior action between the same
parties did not involve the same question of fact, were not subject to
revision in the Land Court and as a matter of law required judgment
for the demandant for possession and damages in the sum so found;
errors of law, if any, committed in the determination of the issues in
the Superior Court should have been brought directly to this court
and were not open in the Land Court or in this court on appeal from
its decision.

WRIT OF ENTRY in the Land Court dated October 30,
1935.

The action was heard by *Corbett*, J., after certification of
answers to issues which had been framed and sent to the
Superior Court for trial by jury. He ordered judgment for
the demandant. The tenants appealed.

The requests for rulings, presented by the tenants to the
judge of the Land Court, and denied by him, were as follows:

"1. If the demandant had not perfected his title until he
returned the execution to court, he was not entitled to pos-
session until such time and it follows as a matter of law that
he was not entitled to damages for rents and .profits until
such time, if at all.

"2. The demandant's prior writ of entry involved the
same parties, issues and evidence excepting the fact that
the execution had been returned to court prior to the bring-
ing of the second writ of entry and after the trial in the
first action. This neglect of the demandant precludes his
recovery in the second action.

"3. The first writ of entry involved the question of rents

and profits and was a mixed action in which the trial thereof judgment was entered for the tenants therein which is still outstanding and valid and therefore the demandant cannot recover against the tenants herein being the same parties involving the same cause.

"4. There was no evidence the land described in the sheriff's deed is identical with that in the possession of tenants and the demandant cannot recover.

"5. Upon all the evidence there should be a finding for the tenants as to possession and damages."

*P. C. Hanna,* for the tenants.

*John J. Sullivan,* for the demandant.

FIELD, J. This is a writ of entry brought in the Land Court on October 30, 1935, to recover possession of a parcel of land in Wellesley. The tenants pleaded *nul disseisin* and also a former judgment entered in the Land Court for the tenants on a prior writ of entry. One of the tenants, "Edgar Carpenter alias E. Carpenter," was adjudged a bankrupt on July 18, 1935. His trustee in bankruptcy, appointed August 8, 1935, was permitted to intervene. The tenants claimed a jury trial and jury issues were framed and allowed. It appears from a certificate of the clerk of the Superior Court that answers to these issues were returned to the Superior Court by a jury as follows: "1. Is the demandant entitled to possession of the estate set forth in the declaration and in his writ? The jury answer: Yes, by direction of the court. 2. Did the judgment in the prior suit between the same parties involve the same question of fact? The jury answer: No, by direction of the court. 3. If the demandant is entitled to the possession of the premises described in his writ, what is the amount of his damages for rents and profits against each of the tenants? The jury answer: Three hundred sixty dollars." The certificate further recites that "no exceptions taken at said trial are pending." The trustee in bankruptcy was a party to the proceedings when the jury issues were framed and allowed and a party to the proceedings in the Superior Court. The judge of the Land Court ruled that the "answers of the jury to said issues under instructions of the

court dispose of all questions of fact and the law applicable thereto," and found and ruled that "the demandant is entitled to judgment for possession of the demanded premises and is entitled to damages for rents and profits in the sum of three hundred and sixty dollars." The judge refused requests for rulings of law made by the tenants and by the trustee in bankruptcy on the ground that they "were pertinent to the issues involved in the trial in the superior court," but "not pertinent at this stage of the proceeding," and ordered judgment for the demandant in accordance with his findings and rulings. The course of proceedings herein described is set forth in a decision of the Land Court filed in this case. The tenants appealed from the "denial of their requests for rulings and findings of the court" and the trustee in bankruptcy appealed from the "decision."

Findings of fact made in the Land Court or in the Superior Court on issues framed for trial therein cannot be revised by this court on appeal from the Land Court. See *Bacon* v. *Kenneson*, 290 Mass. 14. Questions of law arising in the Superior Court on the trial of such issues are taken directly from that court to this court for revision. G. L. (Ter. Ed.) c. 185, § 15. We assume without discussion that these appeals bring before us for revision questions of law arising in the Land Court and disclosed by the pleadings and decision of that court. There was no error with respect to any such question of law.

The judge of the Land Court ruled correctly that the "answers of the jury to said issues . . . dispose of all questions of fact and the law applicable thereto." G. L. (Ter. Ed.) c. 185, § 15, provides for a claim of trial by jury and, if such claim is made, for the framing of issues in the Land Court "upon any material question of fact." G. L. (Ter. Ed.) c. 185, § 17, provides that "The clerk of the superior court, after the determination of issues from the land court, shall certify to the land court such determination, which shall be conclusive upon said court as to such issues; but the land court may hear evidence upon other material questions of fact, and arguments upon the cause, before making its decision." It does not appear, and is not

contended, that the issues of fact set forth in the decision of the Land Court were not properly framed for trial before a jury in the Superior Court. Consequently, under G. L. (Ter. Ed.) c. 185, § 17, the determination of those issues in the Superior Court was conclusive on the Land Court as to those issues.

The tenants contend, however, that the issues determined by the jury did not dispose of the question whether the demandant was bound by the judgment in favor of the tenants on the prior writ of entry, but that the Land Court, under authority of § 17, heard other evidence on this question which that court should have considered. The facts in regard to this writ of entry set forth in the decision of the Land Court are these: "The demandant's title rests upon a sale on execution which issued on a judgment he recovered against the tenants. The demanded premises were attached on mesne process in that action, the attachment being made more than four months prior to said adjudication in bankruptcy. The demandant brought a writ of entry in this court June 7, 1935, against the tenants to recover the demanded premises and on September 25, 1935, the court found and ruled that as 'the execution not having been returned to court the demandant has not perfected his title' and ordered judgment for the tenants which was duly entered on October 21, 1935."

The affirmative answer of the jury on the first issue submitted to them: "Is the demandant entitled to possession of the estate set forth in the declaration and in his writ?" was a conclusive determination against the tenants that the prior judgment did not bar recovery by the demandant in this action. This finding was not subject to revision by the Land Court on other evidence. That judgment was entered prior to the commencement of this action. As a general rule a writ of entry deals only with the state of the title at the commencement of the action (*Bancroft Trust Co.* v. *Canane*, 271 Mass. 191, 198), and this case is not an exception thereto by reason of any act done by or with the concurrence of the demandant after that date. See *Curtis* v. *Francis*, 9 Cush. 427, 443–444,

455; *Hooper* v. *Bridgewater,* 102 Mass. 512, 513. Furthermore, the "estate set forth in the declaration and . . . writ" was an estate in fee in the demanded premises. By G. L. (Ter. Ed.) c. 237, § 5, it is provided that "In a trial upon the general issue, if the demandant proves that he is entitled to the estate set forth in the declaration and that he had a right of entry on the day when the action was commenced, he shall recover the land unless the tenant proves a better title in himself." This case was tried on the general issue — *nul disseisin.* See *Swan* v. *Stephens,* 99 Mass. 7, 9; *Truro* v. *Freeman,* 123 Mass. 187, 189. The finding of the jury on the first issue imported a finding for the demandant of all material facts essential to recovery by the demandant under this statute. And the record of the case shows no evidence before the Land Court which could have been introduced by the tenants under G. L. (Ter. Ed.) c. 237, § 10, and did not bear upon such issue. If error of law was committed in the determination of that issue in the Superior Court the remedy of the tenants was to bring the questions of law involved therein directly to this court for revision "in the same manner as in proceedings at law in said court." G. L. (Ter. Ed.) c. 185, § 15. Such questions of law could not be revised by the Land Court and cannot be revised by this court on appeal therefrom. The power conferred on the Land Court to "hear evidence upon other material questions of fact, and arguments upon the cause" (§ 17) gave the Land Court no such power of revision. Therefore the answer of the jury upon the first issue submitted to them must be given its full effect. Moreover, there was no inconsistency between this answer and the answers on the other issues. The answer of the jury on the first issue as matter of law entitled the demandant to judgment for possession.

By G. L. (Ter. Ed.) c. 237, § 12, if "the demandant recovers judgment, he shall recover in the same action . . . damages for rents and profits." Since the demandant was entitled to judgment for possession he was entitled to judgment for damages for rents and profits and, in accordance with the principles already stated, the amount thereof was

conclusively determined by the jury by their answer on the third issue submitted to them.

The decision of the Land Court discloses that before this action was commenced one of the tenants was adjudicated bankrupt and a trustee in bankruptcy appointed. The tenants make no contention that these facts prevent recovery by the demandant in this action. So far, however, as these facts bear on the demandant's rights in the premises at the time the action was commenced the effect thereof as against the tenants was conclusively determined by the findings of the jury. And these facts did not preclude the Land Court from ordering judgment for the demandant. No stay of proceedings was requested either by the bankrupt or the trustee, but, on the contrary, the trustee, by permission of the Land Court, intervened in this action. See *Allard* v. *Estes*, 292 Mass. 187, 192–194. See also *Snyder* v. *Smith*, 185 Mass. 58, 59.

It follows from what has been said that the judge of the Land Court refused rightly to rule, as requested by the tenants, that "Upon all the evidence there should be a finding for the tenants as to possession and damages," whether or not such request was pertinent to the proceedings before the Land Court. See *O'Keeffe* v. *John P. Squire Co.* 188 Mass. 210, 211; *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 512. The other rulings requested by the tenants were pertinent only to the proceedings in the Superior Court and were refused rightly on that ground.

The trustee in bankruptcy has filed no brief and made no argument in support of his appeal. Therefore any questions raised by his appeal which have not been considered on the appeal of the tenants are treated as waived. *Mullen* v. *Sewer Commissioners of Milton*, 280 Mass. 531, 537. *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284.

*Decision affirmed.*