CARR, J. (Riley, J., and Tomasello, J.)
The plaintiff is before us on an appeal involving $21.80. The action is in contract, and there was a finding for the plaintiff. On appeal to the Appellate Division the finding was set aside and a new trial ordered. The plaintiff thereupon discontinued and the clerk assessed costs to the defendant. These included witness fees for the defendant which are the subject of this controversy. The plaintiff appealed from the clerk’s assessment to a judge. A hearing was had and requests for rulings were filed by the plaintiff. The judge denied the requests and affirmed the clerk’s assessment. The appeal is before us on the denial of the requests.
We hold that the plaintiff has waived his appeal by failing to file a 'brief. Soacia v. Soacia, 1941 A. S. 1879. (28 BTL 70).
In the page and a half of typewriting filed by the plaintiff entitled “brief,” the plaintiff states the case, states his contentions and submits that the judge was wrong. He does not cite a single authority. If counsel could not find decisions exactly in point, at least he could find some dealing sufficiently with the subject to suggest its solution.
At the time set for hearing of the appeal an attorney, not on the brief and not counsel of record, appeared and sought to make an oral argument. The Division tried to make clear to him that it wished to consider whether the appeal was waived. He was told that it doubted if the document filed by the plaintiff was a brief and that the right to argue was doubtful. He was told that he would be heard as a matter of courtesy. His oral argument, however, added nothing to the written document.
*114 It is often said in decisions that as the appealing party filed no brief and made no oral argument, the appeal was waived. Olson v. Carpenter, 296 Mass. 120. This implies, we assume, that an appellant may get by with only an oral argument. No case has been called to our attention laying down what constitutes an oral argument. Surely (especially when there is no brief) a mere statement of the case, that the appellant relies on the questions he had saved, and that the judge was wrong, would not be considered an oral argument any more than it would be an argument in a printed brief. Kay v. Audet, 306 Mass. 337, 338.
That the argument must be something of value is made very clear by the articles on Oral Arguments by Chief Justice Field and Robert C. Dodge, Esq.,, cited below. On the subject of written and oral arguments of “From Writ to Rescript,” Little, Brown 6? Co., 1941, said articles by the Chief Justice and by Mr. Dodge and articles by Judge Qua and Mr. Hitchcock.
The comparative value of argument by brief and oral argument depends somewhat on the custom of the Court. Where a court looks neither at the record nor the briefs before the hearing, it is obvious that oral argument, whether or not a brief is filed, is of vital importance. From it the Court gets its first information as to the facts and issues to enable it to make its tentative decisions. Of course a good oral argument gives life to the printed page. For such importance as it has, such argument may bring out with striking force the important issues.
It has always been the practice of the members of the Appellate Division of this court to read the record and, where necessary, the briefs, to be in a position to understand and question oral arguments on the issues involved. There is good authority for this practice. In the United States Supreme Court “all cases which are orally argued before this Court, with one minor exception, are considered by the Court in private conference prior to oral argument." Where certiorari is granted or jurisdiction on appeal noted briefs are studied privately by the Court prior to oral arguments. (See letter annexed to the copy of this opinion filed with the papers.) It is now the practice in this Court to confer after hearing. At such conferences tentative dispositions may be suggested though on further study of the case an entirely different result may be reached. The Court has a small library. Opinions often have to be worked on after a day of trial or at odd moments when the judge is on call in chambers for miscellaneous services. At such times the Court House library is practically inaccessible. Whether the oral argument had any value or not what the Appellate Division wants is a good brief giving help on the law. It is astounding how often it is disappointed.
*115 What then is a brief? Clearly it is not a document which merely states that the party relies on all questions on which appeal has been taken and that the judge was wrong. Commonwealth v. Dyer, 243 Mass. 472, 508.
See Rule 2 and Rule 31 of the Supreme Judicial Court.
Both rules contemplate aid to the Court by the citing of authorities. The source and extent of such citations are discussed by both Judge Qua and Mr. Hitchcock in “From Writ to Rescript.” See especially pp. 276, 277 and pp. 285 to 286.
As it was said by Judge Lummus in Boston v. Dolan, 298 Mass. 346, 355, “The defendant saved a number of questions of evidence, but he has not argued them beyond asserting in his brief as to each that the judge erred. This is not argument. Rule 2 of the Rules for the Regulation of Practice before the Full Court (1926) (252 Mass. 585) requires ‘a brief . . . signed by counsel, of the points on which he intends to rely, and the authorities intended to be cited in support of them, arranged under the respective points.’ The rule contemplates not only a list of the problems presented to the court but also some aid in solving them.”
If an appeal is of sufficient importance to require the court to search the law for an answer, it is of sufficient importance to require the appealing party to search .the law to help the court. Kay v. Audet, 306 Mass. 337, 338, supra.
The appeal having been waived the Report is

Dismissed.