*Southern District*

No. 53791

**MAUREEN MAGEE,**

v.

**PRUDENTIAL WARES OF NEW ENGLAND, INC.,**

*Present:*   Nash, P.J., Murphy, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk, No. 53791

MURPHY, J.   This is an action of contract by writ dated July 22, 1965 wherein the plaintiff (defendant in set-off) seeks to recover $155.61 allegedly paid during her minority to the defendant (plainitff in set-off) on a written contract for the purchase of certain cooking utensils she had received. The plaintiff alleged timely disaffirmance of the contract. The answer is a general denial, and an action in set-off wherein the defendant (plaintiff in set-off) alleges that the contract was affirmed.

The court found for the plaintiff in the sum of $180.51 with interest from the date of the writ, and for the plaintiff as defendant in set-off.

The defendant claims to be aggrieved by the denial of rulings numbered 1, 2, 3, 4, and 15, and by rulings made with regard to requests for rulings numbered 10, 11, 16, 20, and 21.

We find it unnecessary to discuss or decide this appeal on the merits for the reasons hereinafter set forth.

The draft report in this case was allowed on *March 25, 1966,* and on *May 25, 1966* the report and five copies of the docket entries and a letter were mailed registered mail to the Appellate Division, Southern District, in Quincy.

On *June 8, 1966,* counsel for the plaintiff filed a motion to order the cause to proceed as though no claim of appeal had been made. That motion reads as follows: "Now comes Maureen Magee, the plaintiff (defendant in set-off) and moves that this Honorable Court order the cause to proceed as though no claim of appeal has been made in that the defendant (plaintiff in set-off) has not prosecuted the same."

Rule 32 of the District Court Rules of 1965 reads as follows: **"Unnecessary Delay"**

"If a party whose claim for a report has been allowed or established shall not prosecute the same promptly by preparing the necessary papers or otherwise as herein provided, the appellate division may upon motion or of its own initiative order the cause to proceed as though no such claim had been made, and may impose double costs or take such action as justice may require. Any such motion shall be filed with the clerk of the originating court and by him promptly forwarded to the presiding justice of the appellate division."

Rule 31 of said Appellate Division procedure reads as follows:

"After notice of the allowance or es-

tablishment of a report, fifteen days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs unless upon good cause shown further time is allowed by the appellate division. The party seeking the report shall also file within said fifteen days five additional copies of the report as allowed or established. There shall be filed with the clerk five copies of each brief, together with one additional copy for each adverse party. The clerk shall upon the expiration of said fifteen days forthwith forward said reports and briefs to the presiding justice of his appellate division except those filed for the adverse party, together with five copies of the docket entries in said cause. The cause shall then be in order for argument in the appellate division at the time and place of its sitting as the presiding justice may direct. If any party be absent or not ready for argument when reached, said division may dispose of the cause as justice may require—.''

The defendant here had fifteen days after *March 25, 1965* to comply with this rule.

No motion was ever filed for good cause or otherwise requesting further time to file copies of the report and briefs late.

*Actually, no briefs or copies of the report were ever filed prior to the day of the hearing,* and on the day of the hearing counsel presented

a copy of the report. No briefs were ever filed.

The motion that this cause proceed as though no claim of appeal had been made should be allowed, and that the appeal should be dismissed. The defendant never filed any briefs at all, never filed any copies of the report as required by Rule 32 and never filed any request or motion for an extension of time to file said copies, nor did he offer any excuse for failing to comply with the rule.

It is our considered judgment that this is a flagrant disregard of the rules and cannot be ignored or condoned. These rules were promulgated to promote the orderly process of appellate procedure, and if they can be completely ignored, they become meaningless and without force.

This case can be distinguished from *Westland Housing Corp.* v. *Scott,* 312 Mass. 375 for the simple reason that in the Westland case, the motion to dismiss was filed *after* additional copies of the report had *actually been filed* with the Appellate Division. In the case at hand, the motion for the cause to proceed as though no claim of appeal had been made was filed some time prior to the hearing before the Appellate Division and before any copies were ever filed. The defendant in this case did not even file a copy of the report until the case was being heard before the Appellate Division.

The motion to order the cause to proceed as though no claim of appeal had been made should

be allowed, and an order should be entered dismissing the appeal.

GEORGE E. WINBOURNE of Dedham,
for the Plaintiff
GREGORY H. ABRAHAM of Boston,
for the Defendant