*Southern Division*

No. 2751

**HERBERT STENBERG**

v.

**GARDNER JACK FROST**

Argued: April 1, 1970 - Decided: June, 1970

*Present:* Nash, P.J., Murphy, Covett, JJ.

Case tried to Covett, J. in the First District
Court of Barnstable No. 27571.

**Covett, J.** This is an action of contract

wherein the plaintiff (defendant in set-off seeks to recover the balance due under a contract for the sale of a sail boat to the defendant (plaintiff in set-off). The defendant by way of answer generally denies the allegations in the declaration, sets up breach of warranty and the Statute of Frauds as a defense. By way of set-off, the defendant claims damages for expenses incurred as a result of the alleged breaches of warranty.

On June *20, 1969,* the court found for the plaintiff in the amount of $2,499.00, and for the plaintiff as defendant in set-off.

Plaintiff filed three requests for rulings which were allowed. Defendant filed fifteen requests for rulings, all of which were denied except three.

The defendant claims to be aggrieved by the court's denial of his requests for rulings, the findings for the plaintiff and for the defendant in set-off.

On *June 20, 1969,* notice of the findings was sent by the clerk's office to the attorneys representing the parties.

On *June 30, 1969,* defendant filed a request for a report to the Appellate Division.

On *July 5, 1969,* defendant filed a draft report.

On *July 9, 1969* plaintiff filed a motion to dismiss the defendant's claim for report, which was denied by the court on *October 3, 1969,* a hearing was held on the draft report and the trial judge ordered that the final report be filed

on or before *November 3, 1969*. On *October 31, 1969,* the defendant's report was filed.

On *November 14, 1969,* the report was allowed and attorneys were notified of its allowance on *November 17, 1969*.

On *December 2, 1969,* plaintiff filed six copies of his briefs.

On *December 9, 1969,* plaintiff filed a motion to dismiss the report.

The motion reads as follows, "Now comes the plaintiff in the above-entitled matter and, agreeable to Rule 32 of the District Court Rules, moves that the report be dismissed and double costs awarded to the plaintiff. The following reasons are assigned as cause for the motion:

1. The defendant failed to file a brief in five copies with one additional copy for the adverse party, as required by Rule 31 of the District Court Rules.

3. The defendant failed to prosecute the report promptly by preparing the necessary papers.

4. The plaintiff avers that the claim for report is frivolous and intended for purposes of delaying the report and that failure to prosecute the report constitutes unnecessary delay.

Wherefore the plaintiff moves that the report be dismissed and an order be entered by the Appellate Division, ordering the cause to proceed as though no claim for report was filed and imposing double costs on the defendant, or take such other action as justice might require.

Plaintiff by his Attorneys
STAFF & WELSH
By (s) ROBERT A. WELSH, JR.
ROBERT A. WELSH, JR.''

Rule 31 of the District Court Rules of 1965 insofar as applicable reads as follows: ''After notice of the allowance or establishment of a report, fifteen days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs unless upon good cause shown further time is allowed by the Appellate Division. The party seeking the report shall also file within said fifteen days five additional copies of the report as allowed or established. There shall be filed with the clerk five copies of each brief, together with one additional copy for each adverse party. The clerk shall upon the expiration of said fifteen days forthwith forward said reports and briefs to the presiding justice of his appellate division except those filed for the adverse party, together with five copies of the docket entries in said cause.''

We hold that, the defendant in this case had fifteen days exclusive of Sundays and holidays to file his briefs and copies of his report after *November 17, 1969. Magee* v. *Prudential Wares of New England, Inc.,* 36 Mass. App. Dec. 92, 95.

We again repeat that a flagrant disregard of the rules cannot be ignored or condoned. *Magee* v. *Prudential Wares of New England, Inc.,* 36 Mass. App. Dec. 96.

Rule 32 of the District Court Rules of 1965 reads as follows: **"Unnecessary Delay."** "If a party whose claim for a report has been allowed or established shall not prosecute the same promptly by preparing the necessary papers or otherwise as herein provided, the appellate division may upon motion or of its own initiative order the cause to proceed as though no such claim had been made, and may impose double costs or take such action as justice may require. Any such motion shall be filed with the clerk of the originating court and by him promptly forwarded to the presiding justice of the appellate division."

Good cause not having been shown by the defendant for his failure to comply with Rule 31 of said Appellate Division procedure, the plaintiff's motion is allowed and **an order should be entered dismissing the appeal.**

STAFF & WELSH of Provincetown
    for the plaintiff.