Black, J.
This is an action for breach of an insurance contract issued to the plaintiff under the provisions of G.L. c. 90, § 34M (the “No Fault” Personal Injury Protection — “PIP”-Law). The plaintiff alleges in his complaint that he sustained personal injuries as a result of a two-vehicle collision upon a public way within the Commonwealth of Massachusetts and that he promptly notified the defendant insurance carrier. He further alleges that information concerning his medical expenses and lost wages was provided to the defendant and that no payment had been made under the policy. The defendant denied libility.
At trial, the plaintiff testified that he had been injured in a motor vehicle collision on April 21,1977, on Route 123 in Rockland, Massachusetts. He also stated that he had notified the defendant that the accident had occurred and received an acknowledgment. A bill in the amount of one hundred forty-four dollars ($144.00) was introduced by the plaintiff over the objection of defense counsel. The plaintiff testified that in the accident he had sustained a cut hand and head bruises causing him to be out of work for two to three weeks; that his hourly wage was $4.60 and that he returned to work on May 9, 1977. Additionally, the plaintiff said that the injured hand was weaker than his uninjured hand and that he suffered cramps and stiffness in his hand. There was evidence to the effect that the plaintiff had settled his action against the other operator for three thousand two hundred and fifty dollars ($3,250.00) on or about May 1, 1981.
At the conclusion of the trial, the plaintiff submitted the following Requests for Rulings:
1. The within action is properly commenced within the terms of General Laws, Chapter 90, § 34 M.
2. The plaintiff is an Insured’ under the terms of the alleged policy.
3. The plaintiff promptly, and within the policy and statutory terms, notified the defendant in writing of both the accident, his claim for injuries, and his claim for ‘Personal Injury Protection.’
4. The defendant received statutory‘reasonable proof of the fact and amount of expenses’ of the plaintiff.
*139 5. The defendant received statutory ‘reasonable proof of the fact and amount of expenses’ of the plaintiff.
6. The defendant is liable to the plaintiff in damages and for reasonable costs and attorney’s fee after the expiration of thirty days.
7. ‘Noncooperation,’ if alleged by the defendant, is not a valid defense to this action, having in mind discovery available to the defendant.
8. General Laws, Chapter 90, § 34 M, does not require the plaintiff to send to the defendant any so-called “P.I.P. Form’ as such.
9. If the Court finds that the defendant is in violation of General Laws, Chapter 93A, then the defendant is also in violation of General Laws, Chapter 90, § 34 M. Dodd v. Commercial Union Insurance Co., 365 N.E.2d 802.
Judgment was entered for the defendant with costs on October 26, 1982. The court neither acted upon the said Requests for Rulings nor made Findings of Fact. Therefore, the Requests for Rulings are deemed to have been denied.
The plaintiffs counsel duly filed a Draft Report on November 1,1982, which was allowed on February 10, 1983. The papers were duly transmitted to the Appellate Division. No briefs were filed by either counsel prior to February 10, 1984, the date the case was scheduled for hearing before the Appellate Division. On the hearing date, the plaintiff-appellant’s counsel asked for leave to file his brief and to argue orally. The court inquired as to the reason why counsel had not filed briefs and plaintiffs counsel stated that he had moved his law office during the pendency of the appeal and the matter had been either overlooked or he had not gotten to the matter as promptly as perhaps he should have. The appellee’s counsel stated that the appellee’s brief had been prepared in a timely manner but he had determined that no brief had been filed by the plaintiff and he, therefore, concluded that it was unnecessary that he do so. Both counsels were permitted to leave their briefs with the Clerk pending a decision by the court as to whether late filing would be allowed. Neither counsel was allowed to argue the case orally. The court subsequently decided not to permit the late filing of the briefs.
Dist./Mun. Cts. R. Civ. P., Rule 64 (f) provides that briefs are to be filed within fifteen days (exclusive of Sundays and Holidays) after allowance or establishment of the report, unless upon “good cause shown” further time is allowed by the Appellate Division. The rule further provides that no oral argument will be heard on behalf of a party for whom briefs have not been filed, unless by special permission of the Appellate Division. Furthermore, the Appellate Division need not pass upon questions or issues not argued in briefs.
It has been the established practice of this court to distribute the briefs of appellate counsel to the judges who will sit on the particular appeal well in advance of the Appellate Division hearing date in order for each justice to focus upon the appellate issues being presented and to accord him an opportunity to conduct whatever legal research appears appropriate and to frame pertinent questions for counsel during oral argument on the case. Not infrequently, each justice prepares a brief memorandum containing his thoughts on the appeal and setting forth the law which he believes applicable. We believe that this procedure insures that each appeal is given a careful and thoughtful review. Parenthetically, we would nóte that it is our understanding that it has been the practice of the United States Supreme Court to read all briefs (with minor exceptions) and for the justices to meet in private conference prior to oral argument. [See Hurwitz v. Lakson, 2 Mass. App. Dec. 113, 114 (1942)]. Failure of the appellant to file briefs prior to the hearing date *140 effectively deprives the court of the opportunity to properly prepare the case and we would reiterate the long established rule that if the appeal is of sufficient importance to require the court to search for an answer, it is of sufficient importance to require the appealing party to search the law and file a brief to help the court. [Kay v. Audet, 306 Mass. 337, 338 (1940); Hurwitz v. Lakson, supra; Magee v. Prudential Wares of New England, Inc. 36 Mass. App. Dec. 92, 95-96 (1966), Stenberg v. Frost, 45 Mass. App. Dec. 193, 196-97 (1970)]. Stated a little differently, the Appellate Division should not be expected to “spend . . . time in the elucidation of matters not deemed by those in interest as worthy of their own reasoning faculties.” Soscia v. Soscia, 310 Mass. 418, 420 (1941), quoting Commonwealth v. Dyer, 243 Mass. 472, 508 (1922). The rules of appellate procedure are strictissimijuris (strictly construed) and accordingly, we deem an appellant’s failure to submit a written brief in accordance with Rule 64 (f) to be a lack of prosecution of the appeal requiring a dismissal, in the absence of “good cause shown” [Papers, Inc. v. Granite Pad & Papers, Inc., 54 Mass. App. Dec. 123 (1974); Hill v. Motor Club of America Insurance Company, 1978 Mass. App. Dec. 646; Cahill v. Town of Swampscott, 1979 Mass. App. Div. 337)].
As regards the matter of “good cause shown,” we would hold this to be analogous to “excusable neglect” under Dist./Mun. Cts. R. Civ. P., Rule 60 (b). We would also conclude that as in Rule 60 (b) the party seeking the relief bears the burden of justifying his failure to file a brief. Here the appellant’s attorney states that he was moving his law office during the pendency of the appeal, which according to the docket encompasses almost a full year. In this connection, we note that in a case decided under the Federal Rule from which our Rule 60 was derived it was held that misplacing of papers in the excitement of moving an attorney’s office did not constitute “excusable neglect” sufficient to relieve the party from a default judgment entered for failure to file an answer [Standard Newspaper Inc. v. King, 375 F.2d 115 (2nd Cir. 1967)]. We are not persuaded that counsel has demonstrated that his failure to file a brief was for “good cause” in this case, particularly since he had almost a year before the hearing to address this issue.
Quite apart from the foregoing, we would note that there is no error of law apparent in the record, since rarely, if ever, is a finding for the plaintiff required as a matter of law. Although there was testimony from the plaintiff that he had complied with the notice and other requirements of the insurance contract and G.L. c.90, § 34M, the trial judge was not required to believe the plaintiff and could have found (as he apparently did) that the plaintiff had failed to meet the contractual and statutory conditions precedent to his recovery of the amounts claimed. [Lavigne v. Weiner, 14 Mass. App. Dec. 150, 152].
Since the plaintiff-appellant has failed to comply with the procedural requirements of Dist.Mun. Cts. R. Civ. P., Rule 64 (f) and has not shown that such failure was for “good cause,” the appeal is dismissed.
Report dismissed.