Lenhoff, J.
The complaint in these proceedings was filed in the Superior Court for the County of Worcester on October 1, 1980 and on September 10, 1981 transferred to the Milford Division of the District Court Department under the provisions of G.L.c. 231, §102C. The case was heard by the Milford Division on May 16, 1984. The docket entries reveal many motions and trial assignment continuances occasioned by procedural actions and dispositions causing delay.
On June 11,1984, decision was filed. Thereafter, the Appellant (Defendant) claiming to be aggrieved, seasonably filed Request for Report and Draft Report. The Report was signed by the Trial Justice on August 14,1984 on which date *267 the Milford Division Clerk/Magistrate notified the parties that attorneys had fifteen days to file briefs, same to be filed by September 4,1984. On August 24, 1984, the Appellant (Defendant) filed a motion in the Milford Division requesting additional time to September 18,1984 to file a brief.
By notice dated October 19, 1984, the Western District Appellate Division notified the parties in the instant matter that hearing was scheduled at the Holyoke Division of the District Court Department on Wednesday, November 14,1984 at 10:00 a.m.
' Dist/Mun. Cts. R. Civ. P., Rule 64(f) provides that briefs are to be filed within fifteen days after a report is allowed or established, exclusive of Sundays and Holidays, unless upon “good" cause shown”, the Appellate Division allows further time. The rule further sets forth that’no or al argument will be heard on behalf of a party for whom briefs have not been filed, unless by the Appellate Division’s special permission. In addition to the foregoing, this tribunal need not pass upon questions or issues not argued in a brief.
After confining the hearing scheduled to the question of whether good cause exists to allow or permit further time to file a brief, having heard the Appellant (Defendant) and the Appellee (Plaintiff), and reviewing the docket entries, we hold that good cause has not been shown thereby precluding the granting of the requested further' time. Belleville v. Commercial Insurance Company, 1984 Mass. App. Div. 138, 139, 140 (1984).
Therefore, we conclude that the Appellant’s (Defendant’s) failure to comply with said Rule 64(f) is a lack of prosecution of the appeal resulting in a required dismissal of same. Hence, the Report be and is, hereby dismissed.
The Appellee’s (Plaintiffs) request to be awarded double costs pursuant to Dist/Mun. Cts. R. Civ. P., Rule 64(i), be and is hereby denied.